**ALLEN OVERY SHEARMAN STERLING US LLP**
Daniel Lewis
 Agnès Dunogué
599 Lexington Avenue
New York, NY  10022
Phone:  (212) 848-4000
daniel.lewis@aoshearman.com
agnes.dunogue@aoshearman.com

*Counsel to Morgan Stanley & Co. LLC*

**GOODWIN PROCTER LLP**
Howard S. Steel
Alexander J. Nicas
Artem Skorostensky
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone (212) 813-8800
Facsimile: (212) 355-3333
hsteel@goodwinlaw.com
anicas@goodwinlaw.com
askorostensky@goodwinlaw.com

*Counsel to Christopher Cooper*

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
Jason C. Rubinstein
Michael S. Palmieri
Dania Bardavid
7 Times Square
New York, New York 10036
Telephone:  (212) 833-1100
jrubinstein@fklaw.com
mpalmieri@fklaw.com
dbardavid@fklaw.com

*Counsel to Anthony DeChellis*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| SVB FINANCIAL GROUP,[1] | Case No. 23-10367 (MG) |
| Debtor. | |

**APPELLANTS' STATEMENT OF ISSUES TO BE PRESENTED AND DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

---

[1] The last four digits of SVB Financial Group's tax identification number are 2278.

Appellants Morgan Stanley & Co. LLC ("Morgan Stanley"), Christopher Cooper ("Cooper"), and Anthony DeChellis ("DeChellis" and together with Morgan Stanley and Christopher Cooper, the "Appellants"), hereby submit pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure and Rule 8009-1 of the Local Bankruptcy Rules for the Southern District of New York, this statement of issues to be presented and designation of items to be included in the record on appeal with respect to Appellants' appeal in the above-captioned chapter 11 case to the United States District Court for the Southern District of New York.

## STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1. Did the Bankruptcy Court abuse its discretion under Rule 9006(b)(1) and *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380 (1993) in concluding that the "reason for the [Appellants'] delay" in filing late proofs of claim against the debtor did not provide a basis for permitting the claims including by (i) concluding that persons with any indemnification and advancement rights provided in agreements that exist before the bar date must file "protective" proofs of claim prior to the bar date for any potential indemnification and advancement claims against a debtor, and (ii) concluding that this requirement applies even where, as here, the Appellants were sued after the bar date under unprecedented and unsupported theories—such that, under the Bankruptcy Court's approach, a creditor must include in a timely proof of claim any and all possible claims that could give rise to an indemnification or advancement right, no matter how speculative or meritless the claim against the creditor?

2. In assessing the "reason for the [creditors'] delay" in bringing a late proof of claim against the debtor in connection with contribution claims that accrued after the bar date, did the Bankruptcy Court additionally err, including by misapprehending *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 340 (2d Cir. 2018), in reaching the legal conclusion that proofs of claim for contribution

2

from a debtor may not be filed after a bar date even where the contribution claim had not accrued as of the bar date and that the controlling question under *SPV Osus* is whether a creditor was aware of the theoretical possibility that potential unaccrued contribution claims could later come to exist?

3. Did the Bankruptcy Court abuse its discretion under Rule 9006(b)(1) and *Pioneer* in concluding that "the danger of prejudice to the debtor" from late-filed claims favored the debtor here on the generic and conclusory bases that (i) "[t]he mere prospect of litigating additional motions to file post-bar-date proofs of claim is enough to prejudice the debtor," (ii) "[p]ermitting these late claims to proceed in this chapter 11 case would require the Debtor to expend resources to address them in the claims reconciliation process and delay the finality" of the chapter 11 case, and (iii) the bare possibility that permitting Appellants to file these late claims" "could entice others to do the same"?

4. Did the Bankruptcy Court abuse its discretion under Rule 9006(b)(1) and *Pioneer* in concluding that "the length of the delay [in bringing the late claim] and its potential impact on judicial proceedings" presumptively favors the debtor—even where, as here, the debtor concedes that the specific length of the delay is a neutral factor—unless the creditor affirmatively shows that asserting its claims after the bar date will have no impact, however limited, on the administration of the debtor's chapter 11 case?

5. Did the Bankruptcy Court otherwise abuse its discretion under Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure and *Pioneer* in denying Appellants' motions to file post-bar date proofs of claim?

3

## DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

Appellants designate the following items from the docket in the above-captioned chapter 11 case to be included in the record on appeal.

| Designation No. | ECF No. | Date | Description of Item |
| --- | --- | --- | --- |
| 1 | 921 | 03/15/2024 | Motion of Morgan Stanley & Co. LLC for Order Granting Leave to File Late Proof of Claim Pursuant to Bankruptcy Rules 3003(c) and 9006(b)(1) ("Morgan Stanley Motion") |
| 2 | 923 | 03/15/2024 | Motion of Christopher Cooper for Order Granting Leave to File Late Proof of Claim Pursuant to Bankruptcy Rules 3003(c) and 9006(b)(1) ("Cooper Motion") |
| 3 | 925 | 03/15/2024 | Motion of Anthony DeChellis for Order Granting Leave to File Late Proof of Claim Pursuant to Bankruptcy Rules 3003(c) and 9006(b)(1) ("DeChellis Motion") |
| 4 | 1008, 1008-1, 1008-2 | 04/05/2024 | Debtor's Consolidated Objection to Motions of Morgan Stanley, Anthony Dechellis, and Christopher Cooper for Leave to File Late Proofs of Claim (ECF No. 1008), Exhibit A Article on the Silicon Valley Bank (ECF No. 1008-1) and Exhibit B – Savoy Complaint (ECF No. 1008-2) |
| 5 | 1011 | 04/05/2024 | Official Committee of Unsecured Creditors' Joinder to Debtors' Consolidated Objection |
| 6 | 1113 | 05/09/2024 | Reply to Objection to Morgan Stanley Motion |
| 7 | 1116 | 05/09/2024 | Reply to Objection to Cooper Motion |
| 8 | 1117 | 05/09/2024 | Reply to Objection to DeChellis Motion |
| 9 | 1134 | 05/14/2024 | Agenda for Hearing on Appellants' Motions |

| **Designation No.** | **ECF No.** | **Date** | **Description of Item** |
|---|---|---|---|
| 10 | 1192 | 6/06/2024 | Transcript regarding Hearing Held on May 16, 2024 |
| 11 | 1193 | 06/07/2024 | Order Denying Appellants' Motions |
| 12 | 1212–1212-1 | 06/21/2024 | Appellants' Notice of Appeal (ECF No. 1212) and Civil Cover Sheet (ECF No. 1212-1) |

Dated: July 5, 2024
      New York, New York

**ALLEN OVERY SHEARMAN STERLING US LLP**

*/s/ Daniel Lewis*
Daniel Lewis
Agnès Dunogué
599 Lexington Avenue
New York, NY  10022
Phone:  (212) 848-4000
daniel.lewis@aoshearman.com
agnes.dunogue@aoshearman.com

*Counsel to Morgan Stanley & Co. LLC*

**GOODWIN PROCTER LLP**
Howard S. Steel
Alexander J. Nicas
Artem Skorostensky
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone (212) 813-8800
Facsimile: (212) 355-3333
hsteel@goodwinlaw.com
anicas@goodwinlaw.com
askorostensky@goodwinlaw.com

*Counsel to Christopher Cooper*

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
Jason C. Rubinstein
Michael S. Palmieri
Dania Bardavid
7 Times Square
New York, New York 10036
Telephone:  (212) 833-1100
jrubinstein@fklaw.com
mpalmieri@fklaw.com
dbardavid@fklaw.com

*Counsel to Anthony DeChellis*