UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
IN RE: SVB FINANCIAL GROUP,                                             :
                                                                        :
                                          Debtor.                       :
                                                                        :
------------------------------------------------------------------------  :        24-CV-5099 (JMF)
                                                                        :
                                                                        :
MORGAN STANLEY & CO, LLC, et al.,                                       :
                                                                        :        MEMORANDUM OPINION
                                        Appellants,                     :        AND ORDER
                                                                        :
                 -v-                                                    :
                                                                        :
SVB FINANCIAL GROUP, et al.,                                            :
                                                                        :
                                                                        :
                                        Appellees.                      :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

     In this case, Appellants Morgan Stanley & Co. LLC, Christopher Cooper, and Anthony

DeChellis (together, "Appellants") appeal from an Order of the United States Bankruptcy Court

for the Southern District of New York (Glenn, *B.J.*), entered on June 7, 2024, denying their

motions seeking leave to file late proofs of claim in Debtor SVB Financial Group's Chapter 11

bankruptcy proceedings. *See In re SVB Financial Group*, 660 B.R. 60 (S.D.N.Y. 2024); ECF

No. 9-5 ("Appellants' App'x"), at 1539. In a letter filed on November 12, 2024, Appellee SVB

Financial Trust — the successor in interest to Debtor SVB Financial Group — argues that the

appeal is moot because the Debtor's confirmed Chapter 11 Plan has now taken effect, *see* ECF

No. 16 ("Appellee's Letter"), at 1, an argument previewed in Appellee's brief on appeal, *see*

ECF No. 11 ("Appellee's Br."), at 42-45. Specifically, Appellee contends that Appellants'

underlying claims — for indemnification, advancement, and contribution against the Debtor —

are claims under Section 510(b) of the Bankruptcy Code, which, pursuant to the plain terms of the Plan, are not entitled to any distributions. *See* Appellants' App'x 1773 (Section 4.2.8 of the Plan providing that "[n]o Holder of a Section 510(b) Claim shall receive any Distributions on account of its Section 510(b) Claim" and that such claims "shall be canceled, released, discharged, and extinguished and will be of no further force or effect"). "Thus," Appellee reasons, "even if this Court were to reverse the Bankruptcy Court and allow Appellants to file late proofs of claim, their claims are not entitled to receive any distribution" and "[a]s such, the Court cannot 'grant any effectual relief' in favor of the Appellants." Appellee's Letter 1.

Appellants do not appear to dispute that their appeal would be moot if indeed their underlying claims qualify as Section 510(b) claims. Instead, they make two procedural arguments. The first — that Appellee waived its mootness argument by not raising it earlier, *see* ECF No. 15 ("Appellants' Reply"), at 22-23; ECF No. 19 ("Appellants' Letter"), at 1 — borders on frivolous because mootness is jurisdictional. *See, e.g.*, *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 68 (2d Cir. 2023). Their second argument — that this Court should not decide the mootness question in the first instance because it raises a number of unresolved ancillary questions, including whether their underlying claims are Section 510(b) claims, *see* Appellants' Letter 2 — has more force. For one thing, Appellants contend that "the effectiveness of the Chapter 11 Plan . . . has been contested in the Bankruptcy Court" and, "[a]s [they] understand it, the objection process with respect to the Plan's effectiveness is ongoing." *Id.* at 1. But even if the Plan is and will remain effective, Appellants are correct that "[w]hether the late-filed claims would fall under 510(b) is a legal and factual issue that is not dependent on the effectiveness of the Plan" and would benefit from "full briefing before the Bankruptcy Court." *Id.* at 1-2; *see also* Appellants' Reply 24 (observing that "the record does not establish that the claims would be

classified as [Section 510(b) claims], and the issue has not been adjudicated — as a factual or legal matter — in the bankruptcy process (though it still can be)").  Appellants note, for example, that Appellant Morgan Stanley had timely filed several claims related to indemnification and contribution in connection with other securities litigation that were classified as general unsecured claims, rather than Section 510(b) claims.  *See* Appellants' Reply 24.  They also argue that whether indemnification claims for defense costs qualify as Section 510(b) claims has not been squarely resolved by the Circuit.  *See id.* at 25; Appellants' Letter 2.  Appellee's briefing on appeal fails to address these potentially dispositive underlying questions.

Accordingly, the Court agrees that a limited "remand to the Bankruptcy Court for a ruling on [the Section 510(b)] issue," Appellee's Letter 2 — and, by extension, the ultimate question of mootness — is appropriate.  Put simply, given "the Bankruptcy Court's specialized knowledge," it is better positioned to consider the mootness issue, and any ancillary questions, in the first instance.  *Super Nova 330 LLC v. Gazes*, 693 F.3d 138, 144 (2d Cir. 2012) (remanding to the Bankruptcy Court "to permit the parties to brief and argue the [relevant legal] issue before that court in the first instance" even though the issue was "one of law" and thus could be decided on appeal, citing "the Bankruptcy Court's specialized knowledge"); *Harrah's Atl. City Operating Co. v. Lamonica (In re JVJ Pharmacy Inc.)*, 630 B.R. 388, 410 (S.D.N.Y. 2021) (remanding a case to the bankruptcy court "to consider [disputed] issues in the first instance after conducting any further fact-finding [that it] deem[ed] appropriate"); *see also In re Tsinias*, No. 23-CV-3681 (KMK), 2024 WL 707201, at *7 (S.D.N.Y. Feb. 21, 2024) (concluding that "determination should be made in the first instance by the Bankruptcy Court applying the proper substantive law").  The Court retains jurisdiction to hear the appeal, if not abandoned, following the Bankruptcy Court's ruling on remand.  To reinstate the appeal, Appellants shall file a letter-

3

motion seeking to reopen the appeal within fourteen days of the Bankruptcy Court's resolution of the limited remand. To be clear, any letter-motion to reopen filed after that date will be denied as untimely and the appeal will be deemed dismissed.

In accordance with the foregoing, the Clerk of Court is directed to remand this matter to the Bankruptcy Court for further proceedings consistent with this Memorandum Opinion and Order and to close the case pending a timely letter-motion to reopen.

SO ORDERED.

Dated: December 2, 2024
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

4